## In re AUSTIN.

### No. 41768.

District Court, E. D. New York.

May 11, 1944.

Samuel Meyers, of New York City, for bankrupt.

Harry Mesard, of New York City, for Max Schwartz, Trustee.

MOSCOWITZ, District Judge.

The Trustee has moved for an order adjudging Harry S. Austin in contempt of court for his wilful refusal to answer questions propounded to him before the Referee. The bankrupt applies for an order restraining the Trustee from further interrogating him and from communicating with certain persons, as hereinafter set forth. Since these two motions arise out of the same facts and rest upon a common question of law, they will be considered together.

Harry S. Austin was and is a practicing attorney, engaged largely in trying negligence cases for other lawyers and for insurance companies on a contingent fee basis. On October 9, 1941, he filed a voluntary petition under Section 322 of Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq., and submitted a proposed plan of arrangement. On the same day, a judge of this court signed an order approving the petition and enjoining all creditors of Harry S. Austin from prosecuting their claims except in this court, and further providing as follows:

" * * * and it is further ordered that the debtor shall close his present books as of the 9th day of October, 1941, and shall open new books of account as of October 10th, 1941, and cause to be kept therein due and proper account of the earnings, expenses, receipts and disbursements of the said debtor, and shall keep true and accurate account of his affairs and said income from his professional work, and render said account as is required by law, and it is

"Further ordered that pending the further order of this Court all deposits shall be made in a designated bank and withdrawn on checks countersigned by the Referee, and it is

"Further ordered that the debtor pending the confirmation of the arrangement be allowed out of fees now due or payable, or any other fees coming into his hands from the date of the filing of this petition, the sum of $1000 to be used for living expenses and the defrayal of his office expenses."

An amended plan of arrangement was accepted by a majority of creditors and confirmed by the Court on October 9, 1942, but the debtor defaulted in his obligations thereunder and on December 16, 1943, he was adjudicated a bankrupt as of October 9, 1941, the date of the filing of the original petition under Chapter XI, and a Trustee was appointed. It is the contention of Harry S. Austin that since the adjudication of bankruptcy was ordered as of October 9, 1941, the Trustee has no interest in any affairs of the bankrupt subsequent to that date and that the questions propounded before the Referee, since they all concerned his earnings, receipts and disbursements after that date, were improper and he could not be required to answer them.

By the order of October 9, 1941, Harry S. Austin was continued as debtor in possession of his business. The fact that his business was that of an attorney at law does not alter the rule applicable to any case in which a person petitioning for an arrangement under Chapter XI is constituted a debtor in possession. Section 342 of the Bankruptcy Act, 11 U.S.C.A. § 742, provides:

"Where no receiver or trustee is appointed, the debtor shall continue in possession of his property and shall have all the title and shall exercise all the powers of the trustee appointed under this title, subject, however, at all times to the control of the court and to such limitations, restrictions, terms, and conditions as the court may from time to time prescribe."

And Section 343 of the same Act, 11 U.S.C.A. § 743, provides:

"The receiver or trustee, or the debtor in possession, shall have the power, upon authorization by and subject to the control of the court, to operate the business and manage the property of the debtor during such period, limited or indefinite, as the court may from time to time fix, and during such operation or management shall file reports thereof with the court at such intervals as the court may designate."

It is thus apparent that a debtor in possession is as much an officer of the court as a receiver or trustee would be. As such, he is charged with the duty of administering the estate of the debtor, during the pendency of attempts to effect an arrangement, primarily for the benefit of creditors, "subject, however, at all times to the control of the court and to such limitations, restrictions, terms, and conditions as the court may from time to time prescribe." Section 342 of Bank-

464

ruptcy Act, supra. He must account to the court for all income derived from the operation of the business and is not entitled to divert any of such income to his own use without specific court approval. Harry S. Austin was permitted by court order, on his own application, to use $1000 out of fees then due and payable or any fees coming into his hands after the filing of the petition, for living and office expenses. It is implicit that any fees or other income beyond that amount were to be held by him subject to further direction of the court.

■ The Trustee appointed by order of December 16, 1943, is also an officer of the court. As such, he has the authority and it is his duty to inquire into the prior administration of the estate of the debtor. It appears that Harry S. Austin did not file any account of earnings, expenses, receipts and disbursements, which he was directed by the order of October 9, 1941, to keep. At an examination before the Referee on March 28, 1944, to ascertain whether the debtor in possession had kept accounts and otherwise complied with the order of October 9, 1941, the question was asked of him: "Did you make any disbursements as debtor in possession after October 9, 1941?" The objection was overruled by the Referee and the question was submitted to Judge Inch of this court for his consideration. Judge Inch informally ruled that the question was a proper one and that the Trustee was entitled to inquire into the acts and conduct of the debtor in possession. Upon a resumption of the examination, the same question was asked, objection made and overruled by the Referee, and Harry S. Austin refused to answer, requesting that the line of questioning be certified to this court. The Referee has certified that Harry S. Austin has committed a contempt of court, in that he did misbehave and wilfully refuse to answer proper, pertinent and relevant questions.

■ The Referee's determination is in all respects correct, and Harry S. Austin is adjudged to be in contempt of court, but he is hereby permitted to purge himself of the said contempt by submitting to examination on the same matter before the Referee and by answering all questions concerning the administration of the estate of the debtor during the period from October 9, 1941, to December 16, 1943, and all questions concerning his acts and conduct as debtor in possession under the order of October 9, 1941.

The motion of the bankrupt for an order restraining further interrogation of him is accordingly denied.

■ The communication by the Trustee with persons who have become indebted to Harry S. Austin, absolutely or contingently, during the period when he was acting as debtor in possession, is proper but should be subject to surveillance by the court to prevent any injustice being done. Accordingly, the motion of the bankrupt for an order prohibiting these communications is denied, but it is ordered that a copy of each proposed communication shall be submitted to the Referee and shall receive his approval before it is sent out.

Settle order on notice.